IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-HC-2122-F

| | |
|---|---|
| CARL WAYNE MOORE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| KEITH WHITENER, ) | |
| ) | |
| Respondent. ) | |

Carl Wayne Moore, a state prisoner, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Keith Whitener, Administrator of Alexander Correctional Institution ("Respondent"), filed a motion to dismiss the petition as untimely pursuant to the statute of limitations set forth in 28 U.S.C. § 2244(d)(1). Petitioner has filed a response, and the matter is ripe for adjudication. For the following reasons, the court grants respondent's motion.

## STATEMENT OF THE CASE

On April 9, 1998, in the Superior Court of Beaufort County, petitioner was convicted following a trial by jury of two counts of armed robbery. He was sentenced to two consecutive terms of imprisonment, one for 140 to 170 months and the other for 145 to 183 months. Petitioner did not file a direct appeal.

On April 17, 1998, petitioner filed a motion for appropriate relief (MAR) in the North Carolina Superior Court. The Superior Court denied Petitioner's MAR on August 15, 2000,

following an evidentiary hearing. On August 16, 2004, Petitioner filed a *pro se* second MAR in the North Carolina Superior Court. That court denied Petitioner's second MAR on October 14, 2004.

Petitioner filed a petition for writ of certiorari in the North Carolina Court of Appeals seeking review of the Superior Court's denial of his second MAR. The North Carolina Court of Appeals dismissed the petition without prejudice. On January 10, 2005, Petitioner refiled his certiorari petition with the North Carolina Court of Appeals and attached the required second MAR. On January 28, 2005, the North Carolina Court of Appeals granted petitioner a belated direct appeal of his conviction. However, the appellate court dismissed this appeal on August 7, 2007, and the North Carolina Supreme Court denied certiorari review on April 10, 2008.

On April 9, 2009, petitioner filed his third MAR in the North Carolina Superior Court. The Superior Court denied the third MAR on May 7, 2010. On June 9, 2010, Petitioner filed a petition for writ of certiorari in the North Carolina Court of Appeals, which was denied on June 28, 2010.

Petitioner filed this *pro se* petition for writ of habeas corpus, at the earliest, on June 28, 2011. On September 6, 2011, respondent filed his motion to dismiss, arguing that the petition was filed outside of the statute of limitations, and is therefore time-barred. Petitioner filed a response on September 19, 2011.

## DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a person in custody pursuant to the judgment of a state court must file a petition for a writ of habeas corpus within one year. 28 U.S.C. § 2244 (d)(1). The limitation period begins to run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

2

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Pursuant to § 2244(d)(2), the limitations period may be tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." An application for post-conviction review is pending from "initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review) . . . ." Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999).

The AEDPA's statute of limitations is subject to equitable tolling if the petitioner can establish "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, _ U.S. _, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (emphasis deleted)).

Petitioner's conviction became final for purposes of § 2244(d) ninety days after the North Carolina Supreme Court dismissed his petition for discretionary review of his belated direct appeal on April 10, 2008, when the time in which he could have filed a petition for certiorari review in the U.S. Supreme Court expired. Jimenez v. Quarterman, 555 U.S. 113, 119-20 (2009). Thus, the statute of limitations began to run on July 9, 2008. The statute of limitations then ran for 274 days

3

(approximately nine months) until April 9, 2009, when petitioner filed his third MAR with the Superior Court. The limitations period was then tolled from April 9, 2009, until June 28, 2010, when the North Carolina Court of Appeals denied petitioner's certiorari petition on this third MAR.[1] Thus, the limitations period then resumed running and expired on September 27, 2010. The instant petition was dated by petitioner on June 28, 2011, some nine months late.

It appears that petitioner simply misunderstood the operation of AEDPA's one-year limitations period and misjudged the operative dates applicable to his case. He states in the petition, "I believe I'm alright in the timeliness of this Petition. My last denial, from the courts, was dated 28 June 2010." Pet. 14. Thus, it is apparent that petitioner believed the date his conviction became final was June 28, 2010, when the North Carolina Court of Appeals denied his petition for certiorari as to the third MAR. However, as set forth above, petitioner's conviction became final on July 9, 2008, or ninety days after the North Carolina Supreme Court's dismissal of his petition for discretionary review of his appeal of his conviction. While the filing of petitioner's third MAR began a tolling period which concluded on June 28, 2010, nine months of the one-year limitations period had already elapsed by that point. Thus, the petition is untimely.

In his response to the motion to dismiss, petitioner appears to assert that he is entitled to equitable tolling. Pet'r's Resp. 4. At the outset, the court notes that, to the extent petitioner contends his ignorance of the law warrants equitable tolling of the statute of limitations, it is well established

---

[1] Statutory tolling of the limitations period ended with the North Carolina Court of Appeals' denial of certiorari review because, in non-capital cases, "[d]ecisions of the Court of Appeals upon review of motions for appropriate relief . . . are final and not subject to further review in the Supreme Court by appeal, motion, certification, writ, or otherwise." N.C. Gen. Stat. § 7A-28(a). See also N.C. R. App. P. 21(e) ("In [non-capital cases,] petitions shall be filed in and determined by the Court of Appeals, and the Supreme Court will not entertain petitions for certiorari or petitions for further discretionary review in these cases.").

4

that "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999). See also United States v. Oriakhi, 394 F. App'x 976, 977 (4th Cir. 2010) (unpublished decision) (remarking that "unfamiliarity with the legal process or ignorance of the law cannot support equitable tolling").

Apart from any general contention about his own ignorance, petitioner first argues that he has pursued his rights diligently. Pet'r's Resp. 4-5. Petitioner asserts that he has spent thirteen years attempting to litigate the issues set forth in his petition and vaguely suggests that, at some point during those thirteen years, he had some exchange with the North Carolina Prisoner Legal Services ("NCPLS") that may have somehow hindered his filing of some unspecified action. Id. at 5. Petitioner's claim that he has diligently pursued his rights fails to account for his actions during the time period essential to this court's inquiry–specifically, the period beginning June 28, 2010, when the statute of limitations began running again before expiring on September 27, 2010. Because petitioner only generally describes his diligence over the thirteen years since he was convicted, rather than focusing on the time period relevant to this court's analysis, he has failed to show the requisite diligence for a grant of equitable tolling.

Petitioner next appears to assert that extraordinary circumstances prevented his filing of the petition. Id. at 6-9. However, this argument similarly fails. Petitioner does not allege any specific extraordinary circumstance which prevented his filing of the instant petition during the time relevant to the court's analysis. In reviewing the petition and petitioner's response to the motion to dismiss, it is clear that no extraordinary circumstance prevented petitioner from filing this petition and that, instead, petitioner simply misjudged the application of AEDPA's statute of limitations to the

5

operative dates in this case. As such, petitioner is not entitled to equitable tolling and the petition is due to be dismissed.

The court must now consider whether petitioner is entitled to a certificate of appealability. See Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") ("the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253 (c)(2). An applicant satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court likewise is debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).

After reviewing the petition in light of the applicable standards, the court finds that reasonable jurists would not find the court's treatment of the petition debatable or wrong and that none of the issues are adequate to deserve encouragement to proceed further. Accordingly, petitioner is not entitled to a certificate of appealability.

For the reasons stated above, respondent's motion to dismiss [D.E. # 5] the petition as untimely is GRANTED and the petition is DISMISSED. The court DENIES a certificate of appealability. The clerk of court is DIRECTED to close this case.

SO ORDERED. This the 21ST day of March, 2012.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge